## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**DEVON FRYE,**

      **Plaintiff,**

    **v.**                             **Civil Action No. 3:24cv746**

**JASON WILSON,** *et al.*,

      **Defendants.**

### <u>MEMORANDUM OPINION</u>

Devon Frye, an individual civilly committed in the Virginia Center for Behavioral Rehabilitation, and proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Mr. Frye's Particularized Complaint (ECF No. 9), for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and for Mr. Frye's compliance with the May 2, 2025 Memorandum Order (ECF No. 6). For the reasons stated below, Claims A (2)–(4) and Claims B (2)–(4) will be DISMISSED as frivolous and for failure to state a claim. Claim C will be DISMISSED for failure to state a claim. The Court will continue to process Claim A (1) and Claim B (1).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I.  Procedural History

After conducting a preliminary review of Frye's original Complaint, by Memorandum

Order entered on May 2, 2025, the Court explained as follows:[2]

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In his current Complaint, Plaintiff does not clearly identify the particular constitutional right that was violated by the defendants' conduct. For example, Plaintiff indicates that Defendants have violated his "constitutionally protected rights under the Fourteenth Amendment on the grounds of deliberate indifference, deviation from the standard of care by exercising negligent and/or malicious intent, placing undue constraints upon his liberty through intentional subterfuge, and the intentional infliction of emotional distress." (ECF No. 1, at 8 (capitalization and punctuation corrected).) The Court cannot discern a specific constitutional claim from this statement. Moreover, Plaintiff's current conclusory allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
>
> Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:
>
> > a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV746."
> >
> > b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in quotations from Mr. Frye's submissions.

2

believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

c.       The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

## FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION. *See* Fed. R. Civ. P. 41(b).

(ECF No. 6, at 1–3.) After receiving an extension, on July 10, 2025, the Court received Mr.

Frye's Particularized Complaint. (ECF No. 9.) As explained below, Mr. Frye failed to correct

the deficiencies identified in the May 5, 2025 Memorandum Order, and as such, the majority of

his claims lack merit and will be DISMISSED.

## II. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any

action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

first standard includes claims based upon "an indisputably meritless legal theory," or claims

where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the

familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

3

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

4

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Summary of Allegations and Claims

In his Particularized Complaint, Mr. Frye names Jason Wilson, the Facility Director, and

Kelly Parker-Covington, the Clinical Director as Defendants.  (ECF No. 9, at 1.)  Although Mr.

Frye does not identify where these Defendants work in his Particularized Complaint, the Court

assumes they are employed at the Virginia Center for Behavioral Rehabilitation ("VCBR")

where Mr. Frye is currently civilly committed.  Mr. Frye alleges, in sum:

> 2.    Statement of Facts:
>
> In December 2023, the Plaintiff was being reviewed by the clinical department for promotion into Phase 3, which is the last phase in the mandated sex offender treatment program for which the Plaintiff has been involuntarily civilly committed according to Virginia Code 37.2-900.  In order to achieve promotion to Phase 3, thereby signaling completion of the program and making the Plaintiff eligible for release, the Plaintiff must complete all of Phase 1 + 2 task objectives and he must complete the Phase 1 + 2 behavioral objectives for nine consecutive months.
> One of the Phase 2 behavioral objectives involves a resident's financial spending/savings.  During the review period for the Plaintiff's promotion, it was decided by the Clinical Director, Kelly Parker, that he did not meet this objective for nine consecutive months.  Based on that determination, it was deemed that the Plaintiff wasn't eligible for promotions to Phase 3.  He had not completed the three-phase sex offender treatment program, and as such, his liberty would continue to be restrained.  The Plaintiff appealed the decision of the clinical director using the formal complaint process to the facility director, and the Facility Director, Jason Wilson, concurred with the decision and conclusions reached by the clinical director.
> The Plaintiff then appealed the facility director's decision to the State Human Rights Committee.  On July 11, 2024, the State Human Rights Committee (SHRC) found that the clinical director and facility director had violated the Plaintiff's human rights because the financial objective was not written in clear, understandable language.  Given the SHRC findings, the Plaintiff petitioned both the clinical director and the facility director to retroactively promote him to Phase 3, signaling the completion of the program.  Both parties refused by stating that the program policies didn't allow for retroactive promotion, and they again stated that

the Plaintiff had not met the objective. The Plaintiff pointed out to both parties since the objective in question was ruled a violation of his human rights afforded to him by the Virginia Administrative Code Chapter 115, that he was under no obligation to meet that objective as written. Both parties still disagreed and refused to promote the Plaintiff to Phase 3 or acknowledge that were it not for that objective, he would have completed the program in December 2023. This legal action ensued.

3.    Rights Violated

A.    Defendant Jason Wilson violated the Plaintiff's Fourteenth Amendment rights by 1) placing undue restraint on his liberties; 2) deviating from the proper standard of care by violating the Plaintiff's human rights; 3) being deliberately indifferent to the violation of the Plaintiff's rights before and after the fact; 4) denying the Plaintiff equal protection of the law by allowing him to be reviewed/evaluated in a way that was different from someone similarly situated.

B.    Defendant Kelly Parker violated the Plaintiff's Fourteenth Amendment rights by 1) placing undue restraint on his liberties; 2) deviating from the proper standard of care by violating the Plaintiff's human rights; 3) being deliberately indifferent to the violation of the Plaintiff's rights before and after the fact; 4) denying the Plaintiff equal protection of the law by allowing him to be reviewed/evaluated in a way that was different from someone similarly situated.

C.    By the Defendants' violating the above-mentioned rights, this caused the intentional infliction of emotional distress upon the Plaintiff, that led to psychological harm in the form of anxiety and contributing to the Plaintiff ultimately be[ing] diagnosed with major depression disorder (MDD).

4.    Prayer for Relief: Defendants are being sued jointly and severely; Both Defendants are being sued in their individual/personal capacities; The Plaintiff prays for $5,000,000 in punitive damages from each Defendant; The Plaintiff prays for $5,000,000 in compensatory damages from each Defendant; The Plaintiff prays for $5,000,000 in nominal damages from each Defendant.

(ECF No. 9, at 1–3 (paragraph structure added) (internal citations omitted).)

## IV. Analysis

### A. No Constitutional Right Alleged

In the May 5, 2025 Memorandum Order, the Magistrate Judge specifically warned Mr. Frye as follows:

In his current Complaint, Plaintiff does not clearly identify the particular constitutional right that was violated by the defendants' conduct. For example,

> Plaintiff indicates that Defendants have violated his "constitutionally protected rights under the Fourteenth Amendment on the grounds of deliberate indifference, deviation from the standard of care by exercising negligent and/or malicious intent, placing undue constraints upon his liberty through intentional subterfuge, and the intentional infliction of emotional distress." (ECF No. 1, at 8 (capitalization and punctuation corrected).)

(ECF No. 6, at 1–2.) Despite this warning, Mr. Frye has once again identified some of the same claims that do not raise a claim of constitutional dimension. Mr. Frye states with respect to each Defendant:

> violated the Plaintiff's Fourteenth Amendment rights by 1) placing undue restraint on his liberties; 2) deviating from the proper standard of care by violating the Plaintiff's human rights; 3) being deliberately indifferent to the violation of the Plaintiff's rights before and after the fact; 4) denying the Plaintiff equal protection of the law by allowing him to be reviewed/evaluated in a way that was different from someone similarly situated.

(ECF No. 9, at 2.) Mr. Frye fails to identify how his Fourteenth Amendment rights were violated with respect to Claims A (2) & (3) and Claims B (2) & (3). The Fourteenth Amendment provides in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. The Fourteenth Amendment does not create a direct cause of action. *Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). "Instead, § 1983 provides a statutory cause of action for all citizens injured by an abridgment of the protections contained in the Constitution, including the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Costello v. Univ. of N.C. at Greensboro*, 394 F. Supp. 2d 752, 759 (M.D.N.C. 2005) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119–20 (1992)).

First, Frye contends that Defendants were "deviating from the proper standard of care by violating the Plaintiff's human rights." (ECF No. 9, at 2.) Frye's allegations are too vague to

7

state a claim of constitutional dimension under the Fourteenth Amendment. *See Rodman v. Jean Charles*, No. DKC 18-3757, 2020 WL 1248946, at *6 (D. Md. Mar. 16, 2020) (explaining that the "'[v]iolation of human rights,' is not a cognizable federal cause of action"); *see also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim).[3] Second, "being deliberately indifferent to a violation of the Plaintiff's rights" is also not a claim under the Fourteenth Amendment.[4] Accordingly, Claim A (2) & (3) and Claim B (2) & (3) fail to plausibly allege a Fourteenth Amendment claim, and will be DISMISSED for failure to state a claim and as frivolous.

With respect to Claim A (1) and Claim B (1), at most, Mr. Frye contends that Defendants have violated his Fourteenth Amendment rights by "placing undue restraint on his liberties." (ECF No. 9, at 2.) Mr. Frye fails to provide a coherent explanation about how Defendants have violated his rights. At best, the Court discerns that after "State Human Rights Committee" determined that "the financial objective" that Mr. Frye was determined not to meet "was not written in clear understandable language," Defendants refused to retroactively promote Mr. Frye because "the program policies didn't allow for retroactive promotion, and they again stated that the Plaintiff had not met the objective." (ECF No. 9, at 2.) While this claim is vague, the Court construes Mr. Frye to allege a claim that he was denied a liberty interest in violation of due

---

[3] In his Statement of Facts, Mr. Frye suggests that the financial objective was ruled by a state governing body to be "a violation of his human rights afforded to him by Virginia Administrative Code Chapter 115." (ECF No. 9, at 2.) To the extent Mr. Frye suggests that this amounts to an actionable state law claim, he should pursue such a claim in the Virginia state courts. However, this fails to state a federal, constitutional claim.

[4] The deliberate indifference standard is that used for a claim of cruel and unusual punishment under the Eighth Amendment. Mr. Frye does not identify an Eighth Amendment claim, nor do the facts suggest that such a claim would be appropriate as Mr. Frye is not currently serving a sentence as a convicted prisoner.

process. At this juncture, Mr. Frye's Claim A (1) and Claim B (1) survive the Court's screening obligations.

### C. Equal Protection Claim

In Claims A (4) and B (4), Mr. Frye contends, in sum, that Defendants denied him "equal protection of the law[5] by allowing him to be reviewed/evaluated in a way that was different from someone similarly situated." (ECF No. 9, at 2.) Mr. Frye fails to allege sufficient facts to make out a plausible equal protection claim. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Mr. Frye must allege that: (1) that he and a comparator individual were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Frye alleges neither element of the inquiry. Mr. Frye fails to identify a comparator individual that was similarly situated or that any different treatment was the result of intentional discrimination. Accordingly, Claim A (4) and Claim B (4) lack merit and will be DISMISSED for failure to state a claim.

### D. State Law Claim

In Claim C, Mr. Frye alleges that Defendants caused intentional infliction of emotional distress, a Virginia state law claim. Mr. Frye fails to adequately plead a claim of intentional infliction of emotional distress under Virginia law. To state a claim, Mr. Frye is required to allege the following four elements: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the

---

[5] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

9

wrongdoer's conduct and the resulting emotional distress; (4) and the resulting emotional distress was severe." *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007) (citations omitted).  At most, Mr. Frye suggests that: "By the Defendants' violating the above-mentioned rights, this caused the intentional infliction of emotional distress upon the Plaintiff, that led to psychological harm in the form of anxiety and contributing to the Plaintiff ultimately be[ing] diagnosed with major depression disorder (MDD)."  (ECF No. 9, at 2–3.)  Even construing the Particularized Complaint liberally, Mr. Frye fails to allege with the requisite specificity the elements necessary to state a plausible claim for intentional infliction of emotional distress.  Rather, Mr. Frye's allegations are formulaic recitations of some of the elements of the tort of intentional infliction of emotional distress, and do not raise a claim for relief above the speculative level, as is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Thus, Mr. Frye fails to allege "all facts necessary to establish the cause of action," *see id.* at 187 (citations omitted), and therefore he fails to state a claim.[6]  Claim C will be DISMISSED for failure to state a claim.

### V.  Conclusion

Claims A (2)–(4) and Claims B (2)–(4) will be DISMISSED as frivolous and for failure to state a claim.  Claim C will be DISMISSED for failure to state a claim.  The Court will continue to process the action with respect to Claim A (1) and Clam B (1).  An appropriate Order will accompany this Memorandum Opinion.

Date: 8|13|2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[6] For example, for the second prong, Mr. Frye must allege "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 400 S.E.2d 160, 162 (1991) (citation omitted) (internal quotation marks omitted).  For the fourth prong, Mr. Frye must show that "the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.* at 163 (citation omitted).  Mr. Frye alleges neither such intolerable conduct nor severe distress.